# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:09cv93

| | |
|---|---|
| **DEBORAH WHICKER,** )<br> )<br>      **Plaintiff,** )<br> )<br>Vs. )<br> )<br>U. S. FORESTRY SERVICE; U. S. )<br>ATTORNEY GENERAL; and )<br>GRETCHEN SHAPPERT, )<br> )<br>      **Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the court on defendants' Motion to Dismiss. Plaintiff is proceeding *pro se* and will be advised of her obligation to respond and the time for doing so. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that defendants have filed a Motion to Dismiss contending that she has failed to state a cause of action against them. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, plaintiff must show that she has made sufficient allegations to support a cause of action against such defendants that is recognized by law. Dismissal of a complaint is proper under Rule 12(b)(6) where it

is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id. While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice

or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

The Motion to Dismiss also seeks, in the alternative, dismissal under Rule 12(b)(1), contending that plaintiff lacks standing to sue. Plaintiff is reminded that the court has previously advised her, under its Section 1915 analysis, on this issue inasmuch as only the administrator of an estate can sue for wrongful death. Plaintiff should go back and re-read such advice. Plaintiff is further advised that Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof

is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to *de novo* appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Plaintiff is advised that it is her burden to show the court how it has jurisdiction over the subject matter of this action.

Plaintiff is also advised that the government has moved to dismiss under additional theories and is again reminded that her rights may best be protected through retaining an attorney.

The method for doing so is in a written "response" to defendant's motion filed within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and plaintiff must certify that she has made such service in a "certificate of service" indicating the manner in which such service was made.

Finally, plaintiff is advised that she has until May 16, 2009, to file her response, and that such response must be served on all the other parties, and that she must include a certificate of service indicating the manner in which she served such parties.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendants' Motion to Dismiss not later than May 16, 2009.

Signed: April 30, 2009

Dennis L. Howell
United States Magistrate Judge